UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| PATRICK J. WINTERS, | ) | | |
|---|---|---|---|
| Petitioner, | ) | | |
| | ) | Nos. | 1:12-CR-102-HSM-SKL-1 |
| v. | ) | | 1:16-CV-400-HSM |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

This case is before the Court upon a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 64] filed by Patrick J. Winters ("Petitioner"). The United States of America (the "government") filed a response in opposition [Doc. 67]. This matter is now ripe. For the reasons that follow, the Court finds an evidentiary hearing on the 2255 Motion is not necessary, and the 2255 Motion shall be **DENIED**.

**I. BACKGROUND**

Petitioner was indicted for possessing with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) [Doc. 15]. After he entered a conditional guilty plea [Doc. 37], he received a sentence of 121 months' imprisonment [Doc. 48],[1] and then filed an appeal of the denial of his motion to suppress. As succinctly set forth by the Sixth Circuit Court of Appeals,

---

[1] His sentence was later reduced to 120 months pursuant to 18 U.S.C. 3582(c)(2) [Doc. 70].

Defendant–Appellant Patrick J. Winters appeals from the district court's denial of his motion to suppress drug evidence discovered by the police following a traffic stop and dog sniff. In August 2012, a Chattanooga, Tennessee police officer stopped a rental car, in which Winters was the passenger, for speeding. During the stop, the occupants' nervous behavior, inconsistent and implausible travel plans, and suspicious rental arrangement led the officer to believe that the occupants may have been trafficking contraband. After he had completed issuing a warning ticket for speeding, the officer extended the traffic stop for four minutes to retrieve his drug-detection dog from his cruiser. Twenty-four minutes after the stop was initiated, the officer deployed his dog around the rental car, and the dog alerted to the presence of narcotics. Upon searching the vehicle, the officer discovered a one-kilogram package of heroin in Winters's bag on the back seat. Winters was arrested and charged with possession with intent to distribute heroin. He later moved unsuccessfully to suppress the drug evidence and entered a conditional guilty plea that reserved his right to appeal the denial of his suppression motion.

On appeal, Winters asserts that the officer unreasonably extended the traffic stop of the rental car in order to conduct a dog sniff, in violation of the Fourth Amendment. In addition, Winters argues that the Supreme Court's decision in *Florida v. Jardines*, [569 U.S. 1], 133 S.Ct. 1409, 185 L.Ed.2d 495 (2013), establishes that a dog sniff of an automobile must be justified by probable cause, and not mere reasonable suspicion.

We hold that, under the totality of the circumstances, the officer had reasonable, articulable suspicion of criminal activity that justified extending the stop for a few minutes to conduct a dog sniff using a drug-detection dog that was already on the scene. Furthermore, the Supreme Court's decision in *Jardines* is premised on a trespass rationale involving the special protection accorded to the home and, therefore, it does not alter the analysis for traffic stops. In any event, the officer was entitled to reasonably rely in good faith on the binding precedent existing at the time of the traffic stop, which established that the use of a drug-detection dog during a lawful traffic stop does not require probable cause. As a result, we affirm the denial of Winters's motion to suppress.

*United States v. Winters*, 782 F.3d 289, 292 (6th Cir. 2015). Rather than repeat the detailed facts and law that supports the decision of this Court to deny the motion to suppress, as upheld on appeal, the Court adopts the Sixth Circuit's explanation as if fully repeated herein.

The Supreme Court denied certiorari on October 6, 2015 [Doc. 60] and Petitioner timely filed his 2255 Motion.

## II. STANDARD of REVIEW

### A. Threshold Standard

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his or her judgment of conviction and sentence, if he claims that the sentence was imposed in violation of the Constitution or laws of the United States; that the court lacked jurisdiction to impose the sentence; or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under § 2255 a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley,* 512 U.S. 339, 353-54 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from

[the face of] the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8(a) requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### B. Standard for Ineffective Assistance of Counsel

Petitioner raises ineffective assistance of counsel issues. Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff*, 734 F.3d at 606. That test provides that, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id.* (citing *Strickland*, 466 U.S. at 687).

The first prong requires a petitioner to show his or her attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of

4

reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he or she must still satisfy the second prong of the *Strickland* test, *i.e.*, prejudice. Thus, a petitioner must show not only that counsel's representation was objectively unreasonable, but also that the petitioner was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet this burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of

the inquiry. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

III. ANALYSIS

As more fully explained in his supporting memorandum, Petitioner's 2255 Motion asserts he is entitled to §2255 relief on the grounds that (1) there was "no basis for reasonable suspicion," (2) the "length of [the] traffic stop was excessive," and (3) "ineffective counsel and reliability and credibility of the drug dog." [Doc. 64 at Page ID # 397-400]. Expounding on these grounds, Petitioner explains as to the first ground, "Nervousness, inconsistent statements and driving a third-party rental was not a basis of the reasonable suspicion required by the fourth Amendment to justify detaining a motorist for a dog sniff." [*Id*. at Page ID # 397]. As to the second ground, Petitioner asserts, "The traffic stop should be no longer than what is necessary to effectuate the purpose of the stop. Officer Duggan acted in such a way that implies he purposely delayed the stop, violating [P]etitioner's fourth Amendment." [*Id*. at Page ID # 398]. Finally, as to the third ground, Petitioner claims, "The dog sniff was unreliable due to the physical ailments of the drug dog. Counsel was ineffective for failing to request an expert to analyze the ailments of the dog to question the reliability of the sniff." [Doc. 64 at Page ID # 400. *See also* Doc. 64-1 at Page ID # 409].

In short, Defendant now seeks § 2255 relief by mainly (and again) arguing that his suppression motion, which alleged Fourth Amendment violations in connection with the stop and subsequent search of his vehicle after a drug-detection dog alert, was wrongfully denied. Defendant also asserts his counsel was ineffective for failing to request an expert to analyze the drug-detection dog's reliability in connection with the motion to suppress.

6

### A. Fourth Amendment Claims

Petitioner's plea agreement provides his "guilty plea to the Indictment is conditioned upon [Petitioner] reserving the right to challenge on appeal the ruling on the motion to suppress evidence seized as a result of a search of [his] vehicle on August 9, 2012." Petitioner acknowledges he appealed his first ground for relief in his direct appeal [Doc. 64 at Page ID # 397]. However, he appears to claim he did not file a direct appeal of the remaining Fourth Amendment claims (grounds two and three), because the "[d]irect appeal was limited by the plea agreement, to only challenge the legality of the traffic stop." [*Id*. at Page ID # 399]. This claim is clearly contradicted by the plea agreement, which allowed him to appeal all aspects of the denied motion to suppress. Moreover, the record on direct appeal indicates all the issues raised in Petitioner's first and second ground and some of the issues raised in the third ground were addressed both in this Court and again on direct appeal.

Most of the claims asserted in the 2255 Motion are barred. When the government seeks to admit evidence collected pursuant to an illegal search or seizure, the exclusionary rule at times suppresses that evidence and makes it unavailable at trial in order to deter Fourth Amendment violations. *Herring v. United States*, 555 U.S. 135, 139 (2009). Despite its connection to the Fourth Amendment, however, there is no constitutional right to have the evidentiary fruits of an illegal search or seizure suppressed at trial. *Davis v. United States*, 564 U.S. 229, 236 (2011). "Because questions regarding the admissibility of otherwise relevant evidence seldom touch upon the "basic justice" of a conviction, the Supreme Court bars Fourth Amendment claims from habeas review." *Northrop v. Trippett*, 265 F.3d 372, 378 (6th Cir. 2001). Accordingly, "free-standing Fourth Amendment claims cannot be raised in collateral proceedings under . . . § 2255." *See Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013).

Even if Petitioner's Fourth Amendment claims had not been raised on direct appeal, it is well-established that a § 2255 motion "is not a substitute for a direct appeal." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 167-68 (1982)). Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray*, 721 F.3d at 761 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). The hurdle a petitioner faces to excuse procedural default is "intentionally high[,] . . . for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Moreover, "whether an investigation violated the Fourth Amendment has no bearing on whether the defendant is guilty." *Good v. Berghuis*, 729 F.3d 636, 637 (6th Cir. 2013). Petitioner has not even attempted to shows cause and actual prejudice to excuse his failure to raise any claims previously or that he is actually innocent of the crime to the extent he is now claiming some aspect of his Fourth Amendment claims was not previously raised.

Moreover, Petitioner previously and unsuccessfully appealed the denial of his motion to suppress. That motion to suppress basically raised the same Fourth Amendment challenges Petitioner seeks to relitigate in the 2255 Motion, with the exception of the drug-detection dog's reliability. Petitioner's Fourth Amendment arguments were rejected by the Sixth Circuit due to its conclusion that "Officer Duggan had reasonable suspicion to detain [Petitioner] for the dog sniff based on . . . nervousness, inconsistent and implausible travel plans, and odd rental arrangement, considered in the aggregate." *Winters*, 782 F.3d at 302. The Sixth Circuit also held "an alert by a properly trained and reliable drug-detection dog is sufficient to establish probable

cause for the presence of a controlled substance." *Id.* at 304 (quoting *United States v. Stubblefield*, 682 F.3d 502, 507 (6th Cir. 2012)). As held by this Court and affirmed on direct appeal, Officer Duggan, the dog handler, had probable cause for the search after Red, the drug-detection dog, alerted him to the presence of a controlled substance in Defendant's vehicle. *Id.*; *See also United States v. Sharp*, 689 F.3d 616, 620 (6th Cir. 2012). The Fourth Amendment claims asserted by Petitioner in his 2255 Motion are properly denied because he had an opportunity for full and fair litigation of this claim at trial and on direct appeal. *See Ray*, 721 F.3d at 762; *Stone v. Powell*, 428 U.S. 465, 494, (1976) (holding a prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.).

Accordingly, this Court need not address Petitioner's Fourth Amendment arguments yet again as it is well established that a § 2255 motion may not be used "to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *United States v. DeGroat*, 102 F. App'x 956, 959 (6th Cir. 2004) (quoting *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999)). Petitioner has not shown or even alleged exceptional circumstances. Moreover, to the extent Petitioner claims the drug-detection dog's health concerns were not raised on direct appeal, "claims not raised on direct appeal," are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing cases); *see also, e.g.*, *Jones v. Bell*, 801 F.3d 556, 562 (6th Cir. 2015) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).

True enough, ineffective assistance of counsel can constitute cause excusing procedural default. However, where a petitioner claims that a procedural default occurred due to ineffective assistance of counsel, "relief under § 2255 [is] available subject to the standard of [*Strickland*]."

9

*Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *see also Bell*, 801 F.3d at 562. Ineffective assistance of counsel, under the *Strickland* standard, can also serve as an independent ground for § 2255 relief. *See, e.g., Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012), which will be addressed below.

### B. Ineffective Assistance Claims

Although Petitioner's "free-standing Fourth Amendment claims cannot be raised in collateral proceedings under . . . § 2255, the merits of a Fourth Amendment claim still must be assessed when a claim of ineffective assistance of counsel is founded on incompetent representation with respect to a Fourth Amendment issue." *Ray*, 721 F.3d at 762. "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Id.* (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

Petitioner raises only one issue of ineffective counsel—that is, his attorney's failure to obtain the services of an expert to argue that Red's health affected Red's reliability. Petitioner seems to suggest his suppression motion would have been granted had his attorney sought the services of a drug-detection dog expert. As Petitioner's "ineffective-assistance-of-trial-counsel claim is based on a motion to suppress, [the Court's] prejudice analysis 'turn[s] on the viability' of that motion." *Carter v. Parris*, 910 F.3d 835, 839 (6th Cir. 2018) (quoting *Arvelo v. Sec'y, Fla. Dep't of Corr.*, 788 F.3d 1345, 1348 (11th Cir. 2015) and citing *Grumbley v. Burt*, 591 F. App'x 488, 500-01 (6th Cir. 2015)). As in *Carter*, Petitioner here cannot show prejudice because the motion to suppress would have been denied regardless of his attorney's arguments. *Id.* (citing

*Kimmelman*, 477 U.S. at 375 ("Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious ....")).

To show prejudice under *Strickland*, Petitioner must show that there was a reasonable probability that, but for his counsel's purported errors, the result would have been different. *Strickland*, 466 U.S. at 694, 697. The uncontradicted proof in this case demonstrated that Red was properly trained and certified by a bona fide organization. [Doc. 30 at Page ID # 100 (finding Officer Duggan was certified to work with two drug-detection dogs including Red, a drug-detection dog and they "were trained and certified to work as a team. Officer Duggan, who has been employed by the [police department] for seven years, worked with Red from May 2008 until shortly after the incident at issue. Red is a single-purpose, active alert drug-detection dog. Red and Officer Duggan were certified annually by the United States Police Canine Association, with their last certification on March 28, 2012)]. Thus, Red's positive alert to the odor of narcotics provided probable cause for the search. *See Winters*, 782 F.3d at 304. *See also Fla. v. Harris*, 568 U.S. 237, 246-47 (2013) ("If a bona fide organization has certified a dog after testing his reliability in a controlled setting, a court can presume (subject to any conflicting evidence offered) that the dog's alert provides probable cause to search. The same is true, even in the absence of formal certification, if the dog has recently and successfully completed a training program that evaluated his proficiency in locating drugs. After all, law enforcement units have their own strong incentive to use effective training and certification programs, because only accurate drug-detection dogs enable officers to locate contraband without incurring unnecessary risks or wasting limited time and resources.").

Petitioner now questions why his counsel did not obtain expert services to address whether Red's medical condition affected Red's reliability after it came out in the suppression hearing that Red experienced seizures, vomiting, heart worms and tumors. "[A]n indigent defendant may obtain authorization for investigative, expert, or other services under 18 U.S.C. § 3006A(e)(1) upon a demonstration that (1) such services are necessary to mount a plausible defense, and (2) without such authorization, the defendant's case would be prejudiced." *United States v. Howard,* 621 F.3d 433, 447 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1623 (2011) (internal quotation marks omitted) (affirming decision to deny request for dog sniff expert where no showing of necessity). Services requested under 18 U.S.C. § 3006A(e) in the context of a criminal prosecution are "necessary" if a defendant can demonstrate (1) such services are necessary to mount a plausible defense, and (2) without them, the defendant's case would be prejudiced. *United States v. Gilmore*, 282 F.3d 398, 406 (6th Cir. 2002). Under this standard, "[a] district court need not grant an indigent's motion under § 3006A on the off chance that the requested services might turn up something.' *Id.* (quotation omitted). "An indigent criminal defendant may not use § 3006A(e)(1) to fund a speculative 'fishing expedition.'" *Howard*, 621 F.3d at 447 (citing *United States v. Clark*, 385 F.3d 609, 618 (6th Cir. 2004) (affirming decision to deny a request for a psychological expert where the need for such expert was based entirely on speculation)).

Petitioner has failed to demonstrate how a drug-dog expert would be helpful in assessing the credibility of the testifying officer, Officer Duggan. And because Petitioner has not otherwise shown that the drug detection dog's training and performance records contained irregularities that required expert analysis, he has failed to establish that he needed expert assistance in order to challenge Red's medical condition and his counsel was not deficient for failing to seek such assistances. Nor has he shown this Court would have authorized funds to hire such an expert and

thus he has shown no prejudice. *See Howard*, 621 F.3d at 449-50 (affirming this Court's refusal to authorize expert assistance to demonstrate a drug detection dog's alert on a vehicle was unreliable and therefore insufficient to establish probable cause to search the vehicle in connection with a motion to suppress).

Additionally, Petitioner's 2255 Motion sets forth no credible information indicating that Red's health would have any impact on his olfactory abilities. The drug dog's ability "to accurately identify particular scents" is not even the primary issue in determining the credibility of a dog's alert. *Howard*, 621 F.3d at 449. Instead, it is the communication between the handler and the dog and, because the handler is the only witness, it is the handler's credibility that is at issue. *Id.* Here, in connection with the motion to suppress, this Court discussed Red's health at length and found that Duggan's testimony that Red's health did not lessen the dog's ability to detect drug odors was entirely credible [Doc. 30 at Page ID # 101; Doc. 35 at Page ID # 290]. In spite of Red's health issues, the testimony at the suppression hearing established, and the Court found, Red was properly trained, reliable, and fully qualified to accurately alert to the presence of the odor of controlled substances in spite of his health conditions. Petitioner did not appeal this decision.

Petitioner's counsel conducted a thorough cross-examination of the handler regarding Red's health, prior testing, and training schedule, and argued Red was not reliable given his health condition [Doc. 34 at Page ID # 199-202, 251-260, 274-78]. Counsel's decision to rely on cross-examination of Officer Duggan without presenting an expert was a reasonable decision. While problems with a drug-detection dog's health may give rise to the need for an expert in some cases, Petitioner must do more than speculate about the dog's health problems to merit funding for an expert opinion and testimony. *See Howard*, 621 F.3d at 448. Moreover, the testimony of a drug

13

dog expert who has "not observed the alerting dog in question—and that dog's interactions with its handler—is not particularly helpful to dispute the dog's reliability. And such testimony certainly is not *necessary* for that purpose." *Id.* at 449 (emphasis in original); *see also United States v. Diaz*, 25 F.3d 392, 395 (6th Cir. 1994) (a "drug-dog expert's" testimony to undermine the reliability of the dog's alert was unpersuasive in a suppression hearing.). As a result, Petitioner cannot show prejudice based on his counsel's decision not to seek funds for an expert.

Moreover, in addition to the finding of probable cause based on Red's alert, the Court also found that,

> even if Red's alert did not constitute probable cause due to alleged health concerns, Officer Duggan had independent probable cause before he searched the vehicle based on Defendant's admission he threw marijuana from his person into the grass while Officer Duggan deployed Red. This admission and the discovery of marijuana took place before Officer Duggan's search and he credibly testified it was part of his probable cause for the search.

[Doc. 30 at Page ID # 119-20]. Petitioner did not object to (or appeal) this alternate finding of probable cause [Doc. 35 at Page ID # 290]. Similarly, Petitioner failed to address this alternative finding in his 2255 Motion or reply to the government's argument regarding same. As a result, counsel's decision not to seek an expert clearly resulted in absolutely no prejudice and Petitioner's ineffective assistance claim fails. The reliability argument that Petitioner contends his attorney should have made regarding Red with the assistance of an expert simply would not have changed the result. *See Carter*, 910 F.3d at 839.

Here, upon review of the motions, memoranda, responses and the record, the Court finds that an evidentiary hearing is not required because the record conclusively shows that Petitioner is not entitled to relief as a matter of law. *See Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983) (evidentiary hearing on motion to vacate sentence is not required to resolve purely legal

14

issues). Petitioner's bald assertions and conclusory allegations do not provide sufficient ground to require an evidentiary hearing. *Thomas v. United States*, 849 F.3d 669, 681 (6th Cir. 2017). S*ee also Wogenstahl v. Mitchell*, 668 F.3d 307, 335 (6th Cir. 2012) ("Merely conclusory allegations of ineffective assistance . . . are insufficient to state a constitutional claim."); *Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008) (holding that "the court is not required to hold an evidentiary hearing if the petitioner's allegations cannot be accepted as true because they are contradicted by the record."). For the reasons articulated above, the Court finds that Petitioner is not entitled to an evidentiary hearing. *See, e.g., O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing," much less relief).

## IV. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c)(1), a petitioner may appeal a final order in a § 2255 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Where a claim has been dismissed on the merits, a petitioner must show that reasonable jurists would find the assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, as jurists of reason would not debate the Court's findings as to any of Petitioner's claims. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA **SHALL NOT ISSUE**.

## V. CONCLUSION

For the reasons set forth herein, Petitioner's original § 2255 motion [Doc. 64] will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE